UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| CONFESSOR PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 10-202-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| KAREN HOGSTEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Confessor Perez is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky. Perez, proceeding without counsel, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 2] Having reviewed the petition[1], the Court must deny relief.

**I.**

On October 4, 1995, Perez and two accomplices robbed an automotive parts store while carrying a firearm and, during the offense, assaulted its owners. On November 24, 1995, while possessing a firearm, Perez and two others robbed a jewelry store and severely beat its owner after he attempted to resist. Perez was arrested by Florida police on December 1, 1995, for

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

unrelated offenses, but after several of his robbery victims identified him in a lineup, he confessed to his participation in the crimes. [R. 2-2 at 12-13 (Ex. C)]; *Perez v. United States*, No. 1:99-cv-2004-FAM (S.D. Fla. 1999) (slip op. of June 27, 2000).

On March 12, 1996, a federal grand jury indicted Perez for conspiracy to commit robbery, armed robbery, and the use of firearm during the commission of a violent felony, in violation of the Hobbs Act, 18 U.S.C. §§ 1951(a), 2; and 18 U.S.C. § 924(c). Following a three-day jury trial, he was found guilty on all counts. On November 15, 1996, Perez was sentenced to a cumulative 421-month term of incarceration to be followed by a five-year term of supervised release. *United States v. Perez*, No. 96-cr-201-001 (S.D. Fla. 1996); *United States v. Perez*, 1997 WL 33626852 (11th Cir. Oct. 2, 1997), Brief for the United States (No. 96-5477). The Eleventh Circuit affirmed Perez's conviction and sentence on direct appeal. *United States v. Perez*, 136 F.3d 140 (11th Cir. 1998) (unpublished disposition).

Following his federal convictions, in December 1996 Perez was returned to state custody to face prosecution under Florida charges for armed robbery, battery and assault. Perez pled guilty to these offenses, and on December 12, 1996, he was sentenced to a cumulative term of 128 months, which the state court ordered to be served concurrently with his pre-existing federal sentence. [R. 2-2 at 7-10 (Ex. B).]

Perez indicates he was then remanded into the custody of federal marshals, who in turn transferred him into the custody of the Florida Department of Corrections to commence service of his state sentence. Perez remained incarcerated in service of his Florida sentence for approximately eight years until he was released by Florida officials and turned over to federal marshals on December 26, 2004. [R. 2-2 at 12-13 (Ex. C).]

On January 19, 2010, Perez filed an Inmate Request to Staff requesting that the time he spent in service of his Florida sentence, from December 1996 until December 25, 2004, be credited against his federal sentence. Prison staff and the warden denied the request, noting that 18 U.S.C. § 3585(b) prevents the award of federal credit for a time period already credited to a state sentence, but referred his request to the BOP's Designation and Sentence Computation Center to determine whether a *nunc pro tunc* designation under *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990) and Program Statement 5160.05 might be warranted. [R. 2-2 at 14-15 (Ex. D).] The Regional Director denied relief on appeal for the same reasons. [R. 2-2 at 16-17 (Ex. E)]

On appeal, the Administrator of National Inmate Appeals concurred, explaining that because the federal judgment did not provide that the federal sentence should be served concurrently with the not yet imposed state sentence, federal law requires that it be served consecutively to that sentence. In addition, Perez's conviction for possession of a firearm during the commission of a felony under 18 U.S.C. § 924(c) may not be served concurrently with any other sentence. [R. 2-2 at 19 (Ex. F).]

The Administrator further considered whether Perez was entitled to credit for his prior state custody by designating the state prison where he served his state sentence as the place of incarceration of his federal sentence under 18 U.S.C. § 3621(b), retroactive to the commencement of his state sentence, under the authority described in *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990). Five factors are set forth in that statute; the Administrator determined that three were the most relevant to his determination. Regarding "the nature and circumstances of the offense," 18 U.S.C. § 3621(b)(2), the Administrator noted that Perez was convicted under

federal law of conspiracy to commit robbery, robbery, and use of a firearm during the commission of a violent crime. Considering "the history and characteristics of the prisoner," 18 U.S.C. § 3621(b)(3), the Administrator noted that Perez has "adult criminal convictions for Possession of Marijuana." With respect to "any statement by the court that imposed the sentence (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate," 18 U.S.C. § 3621(b)(4), the Administrator stated that:

> The federal sentencing court was contacted for a statement concerning its position on a retroactive designation. The federal sentencing court responded that based on the seriousness of the federal offense, they believed that the Bureau should deny any request for a retroactive designation.

Based upon his study of these factors, on June 2, 2010, the Administrator determined that "a *nunc pro tunc* designation is not appropriate in your case and not in the best interest of justice." [R. 2-2 at 20 (Ex. E).]

In his petition, Perez challenges the BOP's denial of his request that he receive credit for time spent in service of his state sentence. First, Perez challenges the Administrator's decision on the merits, contending that he will serve the entirety of his thirty-five year federal sentence regardless of whether a *nunc pro tunc* designation is made. Perez further asserts that he was a "first time offender" when he committed his offenses at the age of twenty-seven, and that since his incarceration he has maintained a clear record of good conduct.

Second, Perez appears to challenge the BOP's decision on constitutional grounds. He asserts that he had a reasonable expectation that the state court's direction that its sentence be served concurrently would be honored, citing *Jefferson v. Berkebile*, 688 F. Supp. 2d 474 (S.D. W. Va. 2010), thus presumably implicating due process concerns. He further suggests that the

BOP's denial of the relief requested may violate the separation of powers doctrine or fail to provide the due respect and comity which should be afforded judgments entered by state courts, citing *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005) and *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007). The Court will address these arguments in turn.

## II.

When the State of Florida arrested Cruz on December 1, 1995, it obtained "primary jurisdiction" over him. *Ponzi v. Fessenden*, 258 U.S. 254, 262 (1922). That primary jurisdiction afforded Florida the unqualified right to have Cruz serve his state sentence first, *id*. at 260-61, a right it retained even though the federal government had charged, tried, and sentenced Cruz pursuant to a writ of habeas corpus ad prosequendum before the Florida charges were resolved. *Cf. United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998); *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005).

Accordingly, when the Florida state court sentenced Cruz on December 12, 1996, to a twelve year term, he began serving the state sentence first. When imposing that sentence, the Florida state court -- perhaps believing that the 35-year sentence already imposed by the federal court for the same conduct adequately vindicated the victims' and society's interests -- ordered that its sentence should run concurrently with the federal sentence. It is self-evident that the goal of this order was that Cruz should serve a total of 35 years in prison.

It is equally clear, however, that the state court's chosen method to obtain this result -- by ordering its sentence to run concurrently with Cruz's federal sentence -- failed to achieve this objective. In light of the Supremacy Clause, U.S. Const. art. VI, cl. 2, while "a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed

federal sentence, this intent is not binding on federal courts or the BOP." *United States v. Allen*, 124 F. App'x 719, 720 (3d Cir. Feb. 11, 2005). Because Florida arrested Cruz first, the doctrine of primary jurisdiction required him to serve his Florida sentence first, and under 18 U.S.C. § 3585(a) his federal sentence could not begin until he was transferred to federal custody.

In *Barden*, the Third Circuit recognized that such circumstances present "serious potential for a miscarriage of justice," *Barden*, 921 F.2d at 479, and determined to fashion a remedy. The Third Circuit found that the BOP's authority under 18 U.S.C. § 3621(b), to determine the penal institution where the prisoner would serve his federal sentence, included not only the discretion to designate the state prison as the facility for service of the prisoner's federal sentence, but to do so retroactively to the date the prisoner's *state* sentence was imposed. *Id*. at 478, 481-83. This discretion, if exercised by the BOP in favor of the prisoner, would have the practical effect of enforcing the state court's judgment directing concurrent sentencing. *Simms*, 2009 WL 3061994, at *5.

In this case, Perez sought such relief, under the framework provided in *Barden*, by requesting that the Bureau of Prisons consider him for such a retroactive designation for the eight years he spent in state prison. [R. 2-2 at 11] The BOP considered and rejected that request, expressly evaluating the factors set forth in Section 3621(b), including the nature of his federal offense, his prior criminal history, and the federal sentencing judge's statement that his request for a retroactive designation should be denied. [R. 2-2 at 20 (Ex. E)] Perez argues that the BOP was wrong to reject his request, noting that he was only 27 years old when he committed his offenses, and that he has a strong record of good conduct while in prison. [R. 2-1 at 2, 4]

This Court, however, can only review the Director's decision for an abuse of discretion, and is not entitled to substitute its judgment for that of the BOP. *Eccleston v. United States*, 390 F. App'x 62, 64-65 (3d Cir. 2010) ("The test is not whether a reviewing court would weigh the factors differently. The writ may issue only where an error is fundamental and carries a serious potential for a miscarriage of justice."). The BOP considered the factors set forth in Section 3621(b) as well as the negative recommendation of the sentencing court, and arrived at a conclusion that was neither irrational nor palpably at odds with 18 U.S.C. § 3621(b). Accordingly, the BOP did not abuse the wide discretion afforded it under *Barden*. *Cf. Ramos-Rodriguez v. Warden, FCI Fort Dix*, No. 11-2967, 2011 WL 4537749, at *2 (3d Cir. Oct. 3, 2011); *Alvarez v. Schultz*, 312 F. App'x 495, 497 (3d Cir. 2009).

Perez also makes a cursory argument that the BOP's refusal to make the requested designation "raises serious separation of powers and federalism concerns." [R. 2-1 at 5 (citing *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005); *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007)]. Those courts, however, did not engage in a meaningful analysis of the constitutional concerns identified. The *Abdul-Malik* court stated only that:

> A separation of powers issue arises when the same branch of government that prosecutes federal prisoners determines concurrency in lieu of the judge. Federalism concerns are implicated because the federal BOP is given the effective authority to enforce (or not) a state court's determination that a state sentence should run concurrently.

*Abdul-Malik,* 403 F.3d at 72. The other decisions cited by Perez only noted in passing their agreement with the concerns expressed in *Abdul-Malik*. *Fegans*, 506 F.3d at 1104; *Jefferson v. Berkebile*, 688 F. Supp. 2d 474, 477 (S.D. W. Va. 2010).

7

The Court's review of relevant case law did not identify a matter in this circuit that squarely addressed Petitioner's argument; no doubt the reason Perez opted to cite cases from other circuits. Perez relies solely on the Second and Eighth Circuits to make his claim, but ignores the decisions out of other circuits. In *Reynolds v. Thomas*, 603 F.3d 1144 (9th Cir. 2010), the Ninth Circuit rejected any federalism concern, noting that "concurrent sentences imposed by state judges are nothing more than recommendations to federal officials." *Id.* at 1149 (*citing Taylor v. Sawyer*, 284 F.3d 1143, 1150 (9th Cir.2002) ("If a state court were allowed to force a federal court to run its federal sentence concurrent to a state sentence, the state would clearly be encroaching on the federal court's right to 'exact payment independent of' the state.")).

The Fifth Circuit in *Hunter v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010) addressed the separation of powers argument. The petitioner in that case argued that it is a violation of the separation of powers for the BOP, an executive-branch agency, to have the ability, through its *nunc pro tunc* authority, to determine whether petitioner's state and federal sentences should run concurrently. *Id.* The court concluded that there was "no separation of powers problem presented by the facts of this case." *Id.* It likened petitioners request for a *nunc pro tunc* designation the equivalent of "a request for post-sentencing *leniency*," which the court opined, is in "the proper domain of the executive branch." *Id.*

Finally, in *Trowell v. Beeler*, 135 F. App'x 590 (4th Cir. 2005), the Fourth Circuit noted that petitioner raised several constitutional challenges to the BOP's exercise of its authority under *Barden*, "such as those involving principles of federalism, dual sovereignty, comity, separation of powers, and due process," but found no constitutional violation. *Id.* at 593-94.

8

In this district, the *Barden* interpretation is well-accepted. If a federal court is silent on the issue of concurrent or consecutive sentences where multiple terms of imprisonment are imposed, then the federal sentence is deemed a consecutive sentence. *See* 18 U.S.C. § 3584(a). The fact that a Florida state court directed Perez's state sentence to run concurrently with his federal sentence had no impact on his federal sentence, because the state court had no authority to begin Perez's service of his federal sentence. *See Cunningham v. Wilson*, 2011 WL 2472550 (E.D. KY. 2011). It is instead, "nothing more than [a] recommendation[] to federal officials." *Reynolds*, 603 F.3d at 1149.

Similarly, Perez's separation of powers argument fails too. His *nunc pro tunc* designation request would have essentially reduced the term of his imprisonment. If approved, the BOP would have credited those eight years spent in state imprisonment against his federal sentence, reducing his federal imprisonment to less than 28 years.[1] "The Constitution unquestionably vests the discretionary power to commute a sentence in the executive branch." *Hunter*, 622 F.3d at 431; *see also* U.S. Const. art. II, § 2, cl. 1. Art. II, § 2, cl. 1. grants broad power to the executive branch, including the ability to "reduce a penalty in terms of a specified number of years." *Schick v. Reed*, 419 U.S. 256, 266 (1974). Thus, the BOP, an executive-branch agency, was within its constitutional right to decline to grant the designation.

Hence, the Court concludes that the BOP has not abused the discretion afforded it to deny Perez's request for a *nunc pro tunc* designation. Nor does the BOP's decision violate the separation of powers or present federalism concerns.

Accordingly, **IT IS ORDERED** that:

---

[1] The Court does note that Perez's argument is somewhat disingenuous considering that if the BOP would have credited his state sentence against his federal sentence he would have gladly accepted it, without charging that the separation of powers had been violated.

1. Perez's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court will enter an appropriate judgment.

This 2nd day of February, 2012.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge